FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  OCT 25 2011  ★

BROOKLYN OFFICE

PKC:MBM/SD
F.# 2010R01683

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

ELEUTERIO GRANADOS-HERNANDEZ,
SAMUEL GRANADOS-RENDON,
IRMA RODRIGUEZ-YANEZ,
ANTONIO LIRA-ROBLES,
   also known as "Conyaco"
   and "Ricardo," and
JAIME RODRIGUEZ-YANEZ,

          Defendants.

- - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. _11-297 (S-2)(KAM)_
(T. 8, U.S.C., §§
1324(a)(1)(A)(v)(I),
1324(a)(1)(B)(i) and
1324(a)(2)(B)(ii);
T. 18, U.S.C., §§ 371,
981(a)(1)(C), 982,
982(a)(6),
1591(a)(1)(2008),
1591(a)(1), 1591(a)(2)
(2008), 1591(a)(2),
1591(b)(1)(2008),
1591(b)(1), 1594(c),
1594(d)(1), 1594(d)(2),
1956(h), 2428, 2 and 3551
et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Sex Trafficking Conspiracy)

1.    In or about and between October 2000 and December
2008, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
ELEUTERIO GRANADOS-HERNANDEZ, SAMUEL GRANADOS-RENDON, IRMA
RODRIGUEZ-YANEZ and ANTONIO LIRA-ROBLES, also known as "Conyaco"
and "Ricardo, together with others, did knowingly and
intentionally conspire to recruit, entice, harbor, transport,
provide and obtain by any means one or more persons, in and

affecting interstate and foreign commerce, and to benefit, financially and by receiving things of value, from participation in a venture that engaged in such acts, knowing that force, fraud and coercion, as described in Title 18, United States Code, Section 1591(c)(2) (2008), would be used to cause such persons to engage one or more commercial sex acts, contrary to Title 18, United States Code, Sections 1591(a)(1) (2008) and 1591(a)(2) (2008).

2.   In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants, together with others, committed and caused to be committed, among others, the following:

<u>OVERT ACTS</u>

(a)   In or about 2001, the defendant ELEUTERIO GRANADOS-HERNANDEZ, together with others, arranged for Jane Doe 2, an individual whose identity is known to the Grand Jury, to be brought to Queens, New York from Mexico.

(b)   In or about 2001, the defendants ELEUTERIO GRANADOS-HERNANDEZ and SAMUEL GRANADOS-HERNANDEZ received money earned by Jane Doe 2 from prostitution.

(c)   In or about April 2003, the defendant ELEUTERIO GRANADOS-HERNANDEZ, together with others, arranged for Jane Doe 3, an individual whose identity is known to the Grand Jury, to be brought to Queens, New York from Mexico.

2

(d)   In or about January 2004, the defendant ELEUTERIO GRANADOS-HERNANDEZ directed Jane Doe 2 to work as a prostitute in New York.

(e)   In or about 2006, the defendant ANTONIO LIRA-ROBLES, together with others, arranged for Jane Doe 4, an individual whose identity is known to the Grand Jury, to be brought into the United States from Mexico.

(f)   In or about June 2008, the defendant ANTONIO LIRA-ROBLES, together with others, arranged for Jane Doe 1, an individual whose identity is known to the Grand Jury, to be brought to Queens, New York from Mexico.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT TWO
(Sex Trafficking Conspiracy)

3.   In or about and between January 2009 and June 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ELEUTERIO GRANADOS-HERNANDEZ, SAMUEL GRANADOS-RENDON, IRMA RODRIGUEZ-YANEZ and ANTONIO LIRA-ROBLES, also known as "Conyaco" and "Ricardo," together with others, did knowingly and intentionally conspire to recruit, entice, harbor, transport, provide, obtain and maintain by any means one or more persons, in and affecting interstate and foreign commerce, and to benefit, financially and by receiving things of value, from participation

3

in a venture which engaged in such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud, coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means would be used to cause such persons to engage in one or more commercial sex acts, contrary to Title 18, United States Code, Sections 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(c) and 3551 et seq.)

## COUNT THREE
### (Sex Trafficking - Jane Doe 1)

4.    In or about and between October 2000 and October 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANTONIO LIRA-ROBLES, also known as "Conyaco" and "Ricardo," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe 1, in and affecting interstate and foreign commerce, and benefit, financially and by receiving one or more things of value, from participation in a venture which engaged in one or more such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud, coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means would be used to cause Jane Doe 1

4

to engage in one or more commercial sex acts, which offense was effected by such means of force, threats of force, fraud, coercion and a combination of such means.

(Title 18, United States Code, Sections 1591(a)(1) (2008) and 1591(a)(1), 1591(a)(2) (2008) and 1591(a)(2), 1591(b)(1) (2008) and 1591(b)(1), 2 and 3551 <u>et</u> <u>seq</u>.)

<u>COUNT FOUR</u>
(Sex Trafficking - Jane Doe 2)

5.   In or about and between January 2001 and July 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ELEUTERIO GRANADOS-HERNANDEZ and SAMUEL GRANADOS-HERNANDEZ, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe 2, in and affecting interstate and foreign commerce, and benefit, financially and by receiving one or more things of value, from participation in a venture which engaged in one or more such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud, coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means would be used to cause Jane Doe 1 to engage in one or more commercial sex acts, which offense was

effected by such means of force, threats of force, fraud, coercion and a combination of such means.

(Title 18, United States Code, Sections 1591(a)(1) (2008) and 1591(a)(1), 1591(a)(2) (2008) and 1591(a)(2), 1591(b)(1) (2008) and 1591(b)(1), 2 and 3551 et seq.)

## COUNT FIVE
(Sex Trafficking - Jane Doe 3)

6.    In or about and between January 2002 and December 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ELEUTERIO GRANADOS-HERNANDEZ, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe 3, in and affecting interstate and foreign commerce, and benefit, financially and by receiving one or more things of value, from participation in a venture which engaged in one or more such acts, knowing that force, fraud and coercion, as described in Title 18, United States Code, Section 1591(c)(2) (2008), would be used to cause Jane Doe 3 to engage in one or more commercial sex acts, which offense was effected by force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1) (2008), 1591(a)(2) (2008), 1591(b)(1) (2008), 2 and 3551 et seq.)

6

## COUNT SIX
(Sex Trafficking - Jane Doe 4)

7.    In or about and between January 2003 and October 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANTONIO LIRE-ROBLES, also known as "Conyaco" and "Ricardo," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe 4, in and affecting interstate and foreign commerce, and benefit, financially and by receiving one or more things of value, from participation in a venture which engaged in one or more such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud, coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means would be used to cause Jane Doe 4 to engage in one or more commercial sex acts, which offense was effected by such means of force, threats of force, fraud, coercion and a combination of such means.

(Title 18, United States Code, Sections 1591(a)(1) (2008) and 1591(a)(1), 1591(a)(2) (2008) and 1591(a)(2), 1591(b)(1) (2008) and 1591(b)(1), 2 and 3551 et seq.)

## COUNT SEVEN
(Sex Trafficking - Jane Doe 5)

8.    In or about and between May 2009 and October 2010, both dates being approximate and inclusive, within the Eastern

7

District of New York and elsewhere, the defendant ELEUTERIO
GRANADOS-HERNANDEZ, together with others, did knowingly and
intentionally recruit, entice, harbor, transport, provide, obtain
and maintain by any means a person, to wit: Jane Doe 5, an
individual whose identity is known to the Grand Jury, in and
affecting interstate and foreign commerce, and benefit,
financially and by receiving one or more things of value, from
participation in a venture which engaged in one or more such
acts, knowing, and in reckless disregard of the fact, that means
of force, threats of force, fraud, coercion, as described in
Title 18, United States Code, Section 1591(e)(2), and a
combination of such means would be used to cause Jane Doe 5 to
engage in one or more commercial sex acts, which offense was
effected by such means of force, threats of force, fraud,
coercion and a combination of such means.

   (Title 18, United States Code, Sections 1591(a)(1),
1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT EIGHT
(Sex Trafficking - Jane Doe 6)

   9.   In or about and between September 2009 and August
2010, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants SAMUEL
GRANADOS-HERNANDEZ and IRMA RODGRIGUEZ-YANEZ, together with
others, did knowingly and intentionally recruit, entice, harbor,
transport, provide, obtain and maintain by any means a person, to

wit: Jane Doe 6, an individual whose identity is known to the

Grand Jury, in and affecting interstate and foreign commerce, and

benefit, financially and by receiving one or more things of

value, from participation in a venture which engaged in one or

more such acts, knowing, and in reckless disregard of the fact,

that means of force, threats of force, fraud, coercion, as

described in Title 18, United States Code, Section 1591(e)(2),

and a combination of such means would be used to cause Jane Doe 6

to engage in one or more commercial sex acts, which offense was

effected by such means of force, threats of force, fraud,

coercion and a combination of such means.

   (Title 18, United States Code, Sections 1591(a)(1),

1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

COUNT NINE
(Sex Trafficking - Jane Doe 7)

   10.  In or about and between April 2010 and April 2011,

both dates being approximate and inclusive, within the Eastern

District of New York and elsewhere, the defendants SAMUEL

GRANADOS-HERNANDEZ and IRMA RODRIGUEZ-YANEZ, together with

others, did knowingly and intentionally recruit, entice, harbor,

transport, provide, obtain and maintain by any means a person, to

wit: Jane Doe 7, an individual whose identity is known to the

Grand Jury, in and affecting interstate and foreign commerce, and

benefit, financially and by receiving one or more things of

value, from participation in a venture which engaged in one or

9

more such acts, knowing, and in reckless disregard of the fact,
that means of force, threats of force, fraud, coercion, as
described in Title 18, United States Code, Section 1591(e)(2),
and a combination of such means would be used to cause Jane Doe 7
to engage in one or more commercial sex acts, which offense was
effected by such means of force, threats of force, fraud,
coercion and a combination of such means.

(Title 18, United States Code, Sections 1591(a)(1),
1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

<u>COUNT TEN</u>
(Conspiracy to Smuggle Aliens)

11.   In or about and between October 1998 and August
2011, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
ELEUTERIO GRANADOS-HERNANDEZ, SAMUEL GRANADOS-RENDON, IRMA
RODRIGUEZ-YANEZ and ANTONIO LIRA-ROBLES, also known as "Conyaco"
and "Ricardo," together with others, knowing that one or more
persons were aliens, did knowingly and intentionally conspire to
bring to the United States such persons at a place other than a
designated port of entry or place designated by the Commissioner,
contrary to Title 8, United States Code, Section
1324(a)(1)(A)(i).

(Title 8, United States Code, Sections
1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i); Title 18, United States
Code, Sections 3551 et seq.)

10

## COUNT ELEVEN
### (Alien Smuggling for Financial Gain - Jane Doe 1)

12.   In or about June 2000, within the Eastern District of New York and elsewhere, the defendant ANTONIO LIRA-ROBLES, also known as "Conyaco" and "Ricardo," together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 1, had not received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe 1, which offense was done for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWELVE
### (Alien Smuggling for Financial Gain - Jane Doe 2)

13.   In or about 2001, within the Eastern District of New York and elsewhere, the defendant ELEUTERIO GRANADOS-HERNANDEZ, together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 2, had not received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe 2, which offense

11

was done for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

### COUNT THIRTEEN
(Alien Smuggling for Financial Gain - Jane Doe 2)

14.   In or about 2003, within the Eastern District of New York and elsewhere, the defendant ELEUTERIO GRANADOS-HERNANDEZ, together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 2, had not received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe 2, which offense was done for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

### COUNT FOURTEEN
(Alien Smuggling for Financial Gain - Jane Doe 3)

15.   In or about April 2003, within the Eastern District of New York and elsewhere, the defendant ELEUTERIO GRANADOS-HERNANDEZ, together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 3, had not

12

received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe 3, which offense was done for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FIFTEEN
(Alien Smuggling for Financial Gain - Jane Doe 4)

16.  In or about 2006, within the Eastern District of New York and elsewhere, the defendant ANTONIO LIRA-ROBLES, also known as "Conyaco" and "Ricardo," together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 4, had not received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe 4, which offense was done for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

13

## COUNT SIXTEEN
(Alien Smuggling for Financial Gain - Jane Doe 1)

17.  In or about June 2008, within the Eastern District of New York and elsewhere, the defendant ANTONIO LIRA-ROBLES, also known as "Conyaco" and "Ricardo," together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 1, had not received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe 1, which offense was done for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SEVENTEEN
(Alien Smuggling for Financial Gain - Jane Doe 5)

18.  In or about June 2009, within the Eastern District of New York and elsewhere, the defendant ELEUTERIO GRANADOS-HERNANDEZ, together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe 5, had not received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe 5, which offense

14

was done for the purpose of commercial advantage and private
financial gain.

(Title 8, United States Code, Section
1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and
3551 et seq.)

## COUNT EIGHTEEN
(Alien Smuggling for Financial Gain - Jane Doe 6)

19.   In or about May 2010, within the Eastern District
of New York and elsewhere, the defendants SAMUEL GRANADOS-
HERNANDEZ and IRMA RODRIGUEZ-YANEZ, together with others, knowing
and in reckless disregard of the fact that an alien, to wit: Jane
Doe 6, had not received prior official authorization to come to,
enter or reside in the United States, did knowingly and
intentionally bring and attempt to bring to the United States
Jane Doe 6, which offense was done for the purpose of commercial
advantage and private financial gain.

(Title 8, United States Code, Section
1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and
3551 et seq.)

## COUNT NINETEEN
(Alien Smuggling for Financial Gain - Jane Doe 7)

20.   In or about July 2010, within the Eastern District
of New York and elsewhere, the defendants SAMUEL GRANADOS-
HERNANDEZ and IRMA RODRIGUEZ-YANEZ, together with others, knowing
and in reckless disregard of the fact that an alien, to wit: Jane

15

Doe 7, had not received prior official authorization to come to,
enter or reside in the United States, did knowingly and
intentionally bring and attempt to bring to the United States
Jane Doe 7, which offense was done for the purpose of commercial
advantage and private financial gain.

(Title 8, United States Code, Section
1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and
3551 et seq.)

### COUNT TWENTY
(Conspiracy to Import Aliens for Immoral Purposes)

21.   In or about and between October 1998 and August
2011, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
ELEUTERIO GRANADOS-HERNANDEZ, SAMUEL GRANADOS-RENDON, IRMA
RODRIGUEZ-YANEZ, ANTONIO LIRA-ROBLES, also known as "Conyaco" and
"Ricardo," and JAIME RODRIGUEZ-YANEZ, together with others, did
knowingly and intentionally conspire to import into the United
States one or more aliens, to wit: Jane Doe 1 through Jane Doe 8,
for the purpose of prostitution and other immoral purposes, and
to maintain, control, support, employ and harbor such aliens in
houses and other places, to wit: one or more apartments in
Queens, New York and elsewhere, for the purpose of prostitution
and other immoral purposes, in pursuance of such illegal
importation, contrary to Title 8, United States Code, Section
1328.

16

22.   In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants, together with others, committed and caused to be committed, among others, the following:

<u>OVERT ACTS</u>

(a)   In or about 2001, the defendant ELEUTERIO GRANADOS-HERNANDEZ, together with others, arranged for Jane Doe 2 to be brought to Queens, New York from Mexico.

(b)   In or about 2001, the defendants ELEUTERIO GRANADOS-HERNANDEZ and SAMUEL GRANADOS-HERNANDEZ received money earned by Jane Doe 2 from prostitution.

(c)   In or about April 2003, the defendant ELEUTERIO GRANADOS-HERNANDEZ, together with others, arranged for Jane Doe 3 to be brought to Queens, New York from Mexico.

(d)   In or about January 2004, the defendant ELEUTERIO GRANADOS-HERNANDEZ directed Jane Doe 2 to work as a prostitute in New York.

(e)   In or about 2006, the defendant ANTONIO LIRA-ROBLES, together with others, arranged for Jane Doe 4 to be brought into the United States from Mexico.

(f)   In or about June 2008, the defendant ANTONIO LIRA-ROBLES, together with others, arranged for Jane Doe 1 to be brought to Queens, New York from Mexico.

17

(g)   In or about June 2009, a co-conspirator, whose identity is known to the Grand Jury, used violence and threats of violence to force Jane Doe 5 to engage in prostitution in New York.

(h)   In or about May 2010, the defendant SAMUEL GRANADOS-HERNANDEZ, together with others, arranged for Jane Doe 6 to be brought to New York City from Mexico.

(i)   In or about April 2011, the defendant SAMUEL GRANADOS-HERNANDEZ directed Jane Doe 7 to engage in prostitution in New York and other states.

(Title 18, United States Code, Sections 371 and 3551 <u>et seq</u>.)

COUNT TWENTY-ONE
(Conspiracy to Transport Individuals for
Purposes of Prostitution)

23.   In or about and between May 2010 and May 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SAMUEL GRANADOS HERNANDEZ, IRMA RODRIGUEZ YANEZ and JAIME RODRIGUEZ YANEZ, together with others, did knowingly and intentionally conspire to transport one or more individuals in interstate and foreign commerce, with intent that such individuals engage in prostitution, contrary to Title 18, United States Code, Section 2421.

24.   In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and

18

elsewhere, the defendants, together with others, committed and caused to be committed, among others, the following:

<u>OVERT ACTS</u>

(a)   In or about May 2010, the defendants SAMUEL GRANADOS HERNANDEZ, IRMA RODRIGUEZ YANEZ and JAIME RODRIGUEZ YANEZ transported Jane Doe 8, an individual from Mexico whose identity is known to the Grand Jury, from Mexico into the United States.

(b)   In or about August 2010, the defendant SAMUEL GRANADOS HERNANDEZ directed Jane Doe 6 to engage in prostitution in Virginia.

(c)   In or about May 2011, the defendants SAMUEL GRANADOS HERNANDEZ, IRMA RODRIGUEZ YANEZ and JAIME RODRIGUEZ attempted to transport Jane Doe 7, who had been engaging in prostitution, from New York to New Jersey.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

<u>COUNT TWENTY-TWO</u>
(Money Laundering Conspiracy)

25.   In or about and between October 1998 and June 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ELEUTERIO GRANADOS-HERNANDEZ, SAMUEL GRANADOS-RENDON, IRMA RODRIGUEZ-YANEZ and ANTONIO LIRA-ROBLES, also known as "Conyaco" and "Ricardo," together with others, did knowingly and

19

intentionally conspire to transport, transmit and transfer
monetary instruments and funds from a place in the United States
to and through a place outside the United States, to wit: Mexico,
(a) with the intent to promote the carrying on of specified
unlawful activity, to wit: sex trafficking, interstate and
foreign travel in-aid-of prostitution and alien smuggling, in
violation of Title 18, United States Code, Sections 1591, 1952
and 2421, and Title 8, United States Code, Section 1324, contrary
to Title 18, United States Code, Section 1956(a)(2)(A), and (b)
knowing that the monetary instruments and funds involved in the
transportation, transmission and transfer represented the
proceeds of some form of unlawful activity, and knowing that such
transportation, transmission and transfer were designed in whole
and in part to conceal and disguise the nature, the location, the
source, the ownership and the control of the proceeds of the
specified unlawful activity, and to avoid one or more transaction
reporting requirements under State and Federal law, contrary to
Title 18, United States Code, Section 1956(a)(2)(B).

(Title 18, United States Code, Sections 1956(h) and
3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS ONE THROUGH NINE

26.   The United States hereby gives notice to the
defendants charged in Counts One through Nine that, upon
conviction of any such offense, the government will seek

20

forfeiture: (a) in accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 1594(d)(2), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses; and (b) in accordance with Title 18, United States Code, Section 1594(d)(1), which requires any person convicted of such offenses to forfeit any property, real or personal, that was used or intended to be used to commit or to facilitate their commission.

27. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

21

other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 981(a)(1)(C), 1594(d)(1) and 1594(d)(2); Title 21, United States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TEN THROUGH NINETEEN

28.    The United States hereby gives notice to the defendants charged in Counts Ten through Nineteen that, upon conviction of any such offense, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any conveyance, including any vessel, vehicle, or aircraft, used in their commission; (b) Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, that constitutes or is derived from or is traceable to the gross proceeds obtained directly or indirectly from the commission of the offenses; and (c) Title 18, United States Code, Section 982(a)(6), which requires any person convicted of such offenses to forfeit any property that was used to facilitate or intended to be used to facilitate their commission.

22

29.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(6); Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWENTY

30.    The United States hereby gives notice to the defendants charged in Count Twenty that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person

23

convicted of such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense

31.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

24

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWENTY-ONE

32.   The United States hereby gives notice to the defendants charged in Count Twenty-One that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2428(a), which requires any person convicted of such offense to forfeit (1) such person's interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense; and (2) any property, real or personal, constituting or derived from any proceeds that such person obtained directly or indirectly as a result of such offense.

33.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

25

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 2428; Title 21, United States Code, Section 853(p))

<u>CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWENTY-TWO</u>

34. The United States hereby gives notice to the defendants charged in Count Twenty-Two that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a), of all property involved in such offense, and all property traceable to such property.

35. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

26

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982)

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

27

# UNITED STATES DISTRICT COURT

<u>EASTERN</u>    District of<u>    NEW YORK    </u>

## THE UNITED STATES OF AMERICA

vs.

ELEUTERIO GRANADOS HERNANDEZ, et al.

Defendants.

## S U P E R S E D I N G   I N D I C T M E N T

(T. 8, U.S.C., §§ 1324(a)(1)(A)(v)(I),
1324(a)(1)(B)(i) and 1324(a)(2)(B)(ii); T. 18,
U.S.C., §§ 371, 981(a)(1)(C), 982, 982(a)(6),
1591(a)(1)(2008), 1591(a)(1), 1591(a)(2)(2008),
1591(a)(2), 1591(b)(1)(2008), 1591(b)(1), 1594(c),
1594(d)(1), 1594(d)(2), 1956(h), 2428, 2 and
3551 <u>et</u> <u>seq.</u>; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

A true bill.

_____

Foreman

Filed in open court this_____day.

Of_____ A.D. 2011 _____

_____

Clerk

Bail, $_____

Pamela Chen, AUSA   (718) 254-7575